NOT DESIGNATED FOR PUBLICATION

No. 123,860

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CONESTOGA TITLEHOLDER, LLC,
*Appellee*,

v.

BRIAN WILSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; DANIEL W. VOKINS, magistrate judge. Opinion filed March 4, 2022. Affirmed.

*Brian K. Wilson*, appellant pro se.

*Jo Ann Butaud*, of Evans & Mullinix, P.A., of Shawnee, for appellee.

Before POWELL, P.J., SCHROEDER, J., and JAMES L. BURGESS, S.J.

PER CURIAM:  Brian Wilson appeals from the district court's order granting Conestoga Titleholder, LLC, possession of a mobile home lot, claiming four errors by the district court. We find two of the issues raised on appeal are not properly before us, and the remaining two issues were inadequately briefed. Therefore, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In April 2018, Brian and Melissa Wilson (the Wilsons) entered into a month-to-month rental agreement, as tenants, with CLS Investment Company, doing business as

Conestoga Mobile Home Community, as landlord. The property the Wilsons were leasing was a lot in a mobile home park in Gardner, Kansas. Conestoga Titleholder, LLC (Conestoga) purchased the mobile home park in May 2018 and inherited the Wilsons' lease. The rental agreement specifically addressed the procedure to cancel or terminate the lease: "When either party hereto desires to cancel the renewal of this Rental Agreement, at least thirty (30) days written notice thereof shall be delivered to the party and this Rental Agreement shall expire at the end of said period, or the current lease term whichever is longer."

On November 19, 2020, Conestoga provided the Wilsons with a 30-day notice, explaining it was not renewing the month-to-month lease and the Wilsons needed to vacate the property and remove any personal property from the premises on or before December 30, 2020. The notice also explained to the Wilsons failure to vacate the premises by the date specified would result in a legal action for possession of the premises as well as additional monetary charges. The Wilsons did not vacate the premises and, instead, paid their next month's rent. On January 8, 2021, Conestoga acknowledged receipt of the Wilsons' rent payments, noting the Wilsons had a balance due of $0, but reserved its right to proceed in court to obtain possession of the premises. Conestoga then filed a complaint for unlawful detainer and possession of the property as well as monthly rent until the Wilsons vacated the lot and returned possession to Conestoga.

At trial, the district court found no factual or legal dispute between the parties and granted judgment in favor of Conestoga. The district magistrate judge ordered the Wilsons to provide a supersedeas bond to remain in possession of the property during the appeal, and all potential monetary issues were continued. Brian timely appeals. Melissa did not file a signed notice of appeal or file a signed amended notice of appeal. Brian has no authority as a pro se litigant to represent Melissa. Therefore, Melissa did not preserve her right as a party to this appeal.

Procedurally, the matter was remanded by another panel of this court to address outstanding motions. They were addressed by the district court, and we proceed to address the issues raised by Brian on appeal.

ANALYSIS

On appeal, Brian raises four issues: (1) The district court erred by not considering the Mobile Home Parks Residential Landlord and Tenant Act (the Mobile Home Act), K.S.A. 58-25,100 et seq.; (2) the district court erred in its ruling on unlawful detainer; (3) the district court erred in not sua sponte recognizing a conversion of property; and (4) the district court erred by not granting his oral motion for continuance of the trial.

Before addressing Brian's issues, we note Conestoga correctly points out Brian's brief failed to comply with our Supreme Court's rules. Supreme Court Rule 6.02(a)(5) (2022 Kan. S. Ct. R. at 35) requires each appellant's brief cite the appropriate standard of review and point to the specific location in the record where the issue was raised and ruled on below. Brian's brief is devoid of any standard of review. Brian cites to the record where the district court denied his oral motion to continue trial but fails to cite to the record where the district court ruled on the other issues he now raises. Even with this deficiency in Brian's briefing, we will proceed to address his claims.

*Mobile Home Act and conversion claims*

Brain failed to claim a violation of the Mobile Home Act or his conversion claims before the district court. Generally, issues cannot be raised on appeal if they were not raised in the district court. *Gannon v. State*, 303 Kan. 682, 733, 368 P.3d 1024 (2016). There must be an explanation as to why the issues are properly before this court if the issues were not raised before the district court. Supreme Court Rule 6.02(a)(5)). Brian

3

provides no explanation for why the issues are now properly before us. Thus, we decline to address Brian's Mobile Home Act and the conversion of property claims.

Brian also appears to raise an incidental jurisdictional claim, but, if a claim exists at all, it is not adequately briefed and therefore waived or abandoned. See *Russell v. May*, 306 Kan. 1058, 1089, 400 P.3d 647 (2017). And we cannot discern any potential jurisdictional issue(s) which we have a duty to examine on our own initiative.

*Unlawful detainer claim*

Brian admits Conestoga properly terminated his month-to-month lease but argues on appeal Conestoga was not permitted to do so despite the lease agreement expressly allowing such action. Brian does not argue the lease agreement was unenforceable for any reason. Brian simply claims his January 2021 rent payment effectively renewed his lease despite Conestoga's proper termination of the lease agreement. Again, this issue is not adequately briefed and is therefore waived or abandoned. *Russell*, 306 Kan. at 1089.

*Oral motion for continuance*

Brian's last claim is the district court erred in denying his oral motion for continuance at trial. Brian's attorney requested a continuance at trial "based on recently acquired . . . exhibits/evidence" but never stated what the recently acquired evidence was or how it could impact the trial. Brian also claims he received this information about 14 hours before trial and he was out of town in an out-of-state hospital.

Brian's brief merely quotes K.S.A. 2020 Supp. 61-3807(b), which states: "No continuance shall be granted unless the defendant requesting a continuance shall file a bond with good and sufficient security approved by the court, conditioned for the payment of all damages and rent that may accrue if judgment is entered against the

4

defendant." However, Brian fails to address K.S.A. 2020 Supp. 60-240(b) which explains: "For good cause, the court may continue an action at any stage of the proceedings on just terms." K.S.A. 2020 Supp. 60-240(c)(3) further grants the district court discretion on whether to grant or deny a continuance. Brian fails to adequately brief the issue on appeal; therefore, he has waived and abandoned his claim. See *Russell*, 306 Kan. at 1089. Even if a claim does exist, Brian fails to show the district court abused its discretion in denying his oral motion to continue on the day of trial. See *Miller v. Glacier Development Co.*, 284 Kan. 476, 494, 161 P.3d 730 (2007) (finding no abuse of discretion by district court's denial of continuance when party failed to demonstrate prejudice); K.S.A. 2020 Supp. 60-240(c)(3).

*Conclusion*

Because the issues Brian raises are either not properly before us or are inadequately briefed, we decline to address them further. We find there are no genuine factual or legal disputes, and the district court did not err in granting Conestoga judgment for possession of the property.

Affirmed.